```
FILED by ___MB___ D.C.
       ELECTRONIC

       Nov. 26, 2008

     STEVEN M. LARIMORE
     CLERK U.S. DIST. CT.
      S. D. OF FLA. - MIAMI
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:
**08-61899-CIV-COHN/SELTZER**

BENJAMIN GONZALEZ, JR.,

    Plaintiff,

v.

FIRST NATIONAL COLLECTION BUREAU, INC.,
and ASSET ACCEPTANCE, LLC,

    Defendants.

_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant, FIRST NATIONAL COLLECTION BUREAU, INC., placed telephone calls and sent letters into this District on behalf of Defendant, ASSET ACCEPTANCE, LLC.

## PARTIES

3.  Plaintiff, BENJAMIN GONZALEZ, JR., is a natural person who resides in Broward County, Florida.

4.  Defendant, FIRST NATIONAL COLLECTION BUREAU, INC., ("FIRST NATIONAL") is believed to be a corporation with its principal place of business at 610 Waltham Way, McCarran, Nevada 89434.

5.  Defendant, ASSET ACCEPTANCE, LLC, ("ASSET ACCEPTANCE") is believed to be a limited liability company with its principal office located at 28405 Van Dyke Avenue, Warren, Michigan 48093.

## FACTUAL ALLEGATIONS

6.  Defendant sought to collect from Plaintiff an alleged debt arising from a gym membership with Bally's used for personal purposes.

7.  Plaintiff defaulted on the alleged debt about 10 years ago.

8.  After the alleged debt went into default, Bally's sold the alleged debt.

9.  Defendant, ASSET ACCEPTANCE, purchased the alleged debt from Bally's or a subsequent holder.

10. Defendant, ASSET ACCEPTANCE, assigned the debt for collection to other debt collectors including but not limited to, Defendant, FIRST NATIONAL, who in turn sought to collect the alleged debt from Plaintiff.

11. Defendant, FIRST NATIONAL, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

12. Defendant, ASSET ACCEPTANCE, regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

13. Defendant, FIRST NATIONAL, regularly collects or attempts to collect debts for other parties.

14. Defendant, FIRST NATIONAL, is a "debt collector" as defined in the FDCPA.

15. Defendant, ASSET ACCEPTANCE, is a "debt collector" as defined in the FDCPA.

16. At all times material to the allegations of this complaint, Defendant, FIRST NATIONAL, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

17. At all times material to the allegations of this complaint, Defendant, ASSET ACCEPTANCE, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

18. Defendant, ASSET ACCEPTANCE, authorized other debt collectors including but not limited to Defendant, FIRST NATIONAL, to collect the alleged debt from Plaintiff by placing telephone calls and sending letters on its behalf to Plaintiff.

19.  Other debt collectors including but not limited to Defendant, FIRST NATIONAL, sent letters and placed telephone calls to Plaintiff in an effort to collect the alleged debt on behalf of ASSET ACCEPTANCE.

20.  Defendant, ASSET ACCEPTANCE, conveyed information to Plaintiff regarding the alleged debt through Defendant, FIRST NATIONAL'S letters and telephone calls to Plaintiff.

21.  By virtue of its status as a debt collector, ASSET ACCEPTANCE, is vicariously liable to Plaintiff for FIRST NATIONAL'S violations of the FDCPA. See *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir. Pa. 2000); *McCorriston v. L.W.T., Inc.*, 2008 U.S. Dist. LEXIS 60006, 11-12 (M.D. Fla. Aug. 7, 2008); *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006).

22.  Defendant, FIRST NATIONAL, left the following message on Plaintiff's voice mail on his cellular telephone service on or about the date stated:

> July 24, 2008
> Yes. Mr. Ben Gonzalez. This is Lynn Norby. I do need to get a call back from you, sir. The number here is 1-800-824-6191 and Mr. Gonzalez, you can reference number 1231958. Thank you.

23.  Defendant FIRST NATIONAL, left similar or identical messages for Plaintiff on other occasions within one-year of the filing of this complaint. (Collectively, "the telephone messages").

4

24. The messages are "communications" as defined by 15 U.S.C. §1692a(2).

25. Defendant FIRST NATIONAL, failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of its messages.

26. Defendant, FIRST NATIONAL, knew it was required to disclose its name, that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

27. On information and belief, Defendant, FIRST NATIONAL, and other debt collectors acting on behalf of Defendant, ASSET ACCEPTANCE, used an automatic telephone dialing system or an artificial or pre-recorded voice to place numerous telephone calls to Plaintiff's cellular telephone within four years of the filing of this complaint without Plaintiff's express consent.

28. Defendant, FIRST NATIONAL, willfully or knowingly violated the regulations of the TCPA.

29. As assignee of Bally's, Defendant, ASSET ACCEPTANCE, is liable to Plaintiff for FIRST NATIONAL'S, and any of ASSET ACCEPTANCE'S other debt collector agents, violation of the TCPA and its regulations. See paragraph 10, *In the Matter of Rules and Regulations Implementing the Telephone Consumer*

*Protection Act of 1991*, 2008 WL 65485, 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877 (F.C.C. Jan 04, 2008).

30. None of the telephone calls to Plaintiff were placed for "emergency purposes" as defined in the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

31. Plaintiff incorporates Paragraphs 1 through 30.

32. Defendant, FIRST NATIONAL, failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

33. Plaintiff incorporates Paragraphs 1 through 30.

34. Defendant, FIRST NATIONAL, placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of its communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

### COUNT III
### ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

35. Plaintiff incorporates Paragraphs 1 through 30.

36. Defendant, FIRST NATIONAL, asserted the right to collect a debt by leaving repeated telephone messages for Plaintiff without disclosing that it is a debt collector, or the purpose of its communications, and by using an automatic telephone dialing system or an artificial or pre-recorded voice to place calls to a cellular telephone service without prior express consent, all done when FIRST

NATIONAL knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, FIRST NATIONAL, for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IV
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

37. Plaintiff incorporates Paragraphs 1 through 30.

38. By failing to disclose that it is a debt collector, and the purpose of its communication, and by using an automatic telephone dialing system or an artificial or pre-recorded voice to place calls to a cellular telephone service without prior express consent, Defendant, FIRST NATIONAL, willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, FIRST NATIONAL, for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT V
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

39. Plaintiff incorporates Paragraphs 1 through 30.

40. Defendant, FIRST NATIONAL, and other debt collectors acting on behalf of Defendant, ASSET ACCEPTANCE, placed telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or pre-recorded voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

41. As assignee of Bally's, Defendant, ASSET ACCEPTANCE, is liable to Plaintiff for FIRST NATIONAL'S, or any of ASSET ACCEPTANCE'S other debt collector agents, violation of the TCPA and its regulations. See paragraph 10, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2008 WL 65485, 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877 (F.C.C. Jan 04, 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Such other or further relief as the Court deems proper.

## COUNT VI
## DECLARATORY AND INJUNCTIVE RELIEF

42. Plaintiff incorporates Paragraphs 1 through 30.

43. Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks injunctive relief.

44. Pursuant to 47 U.S.C § 227 (c)(5)(A), Plaintiff seeks a permanent injunction prohibiting Defendant, FIRST NATIONAL, from placing telephone calls to the cellular telephone of any person by the use of an automatic telephone dialing system or an artificial or pre-recorded voice without that person's prior express consent in violation of the TCPA.

45. Pursuant to 47 U.S.C § 227 (c)(5)(A), Plaintiff seeks a permanent injunction prohibiting Defendant, ASSET ACCEPTANCE, from placing telephone calls to the cellular telephone of any person by the use of an automatic telephone dialing system or an artificial or pre-recorded voice without that person's prior express consent through both its own calls or calls placed by its agent debt collectors, in violation of the TCPA.

46. Pursuant to 47 U.S.C § 227 (c)(5)(A), Plaintiff seeks a declaration that Defendants practices violate the TCPA.

47. Pursuant to the FCCPA, Plaintiff seeks a declaration that Defendant, FIRST NATIONAL'S practices violate the FCCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment:

    a. permanently injoining Defendants from engaging in the violative practices;

b.  declaring that Defendant's practices violate the TCPA and FCCPA; and

b.  Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 25 day of November, 2008.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> donyarbrough@mindspring.com
>
> By:_____
> Donald A. Yarbrough, Esq.
> Florida Bar No. 0158658

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**

Benjamin Gonzalez, Jr.

**DEFENDANTS**

First National Collection Bureau, Inc., and Asset Acceptance, LLC

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES) **BROWARD**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842
FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

08cv61899-JIC/BSS

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | ☐ 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** __1-2__ days estimated (for both sides) to try entire case   15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | | |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholder's Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personnel Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure B | ☐ 442 Employment | ☐ 530 General* | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other* | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights *A or B | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | | | | ☒ 890 Other Statutory Actions* *A or B |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A ☐ UNDER F.R.C.P.23   CLASS ACTION No   DEMAND $ N/A   ☐ Check YES only if demanded in complaint   JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE _____   DOCKET NUMBER _____

DATE : November 25, 2008   SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT   FOR OFFICE USE ONLY: Receipt No 544752   Amount: $350.00
Date Paid: _____   M/ifp: _____

S/F 1-2
REV. 9/94